UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEIDI T., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C23-1664-BAT <br><br> **ORDER REVERSING AND REMANDING** |

Plaintiff appeals the ALJ's April 25, 2023 decision finding her not disabled. The ALJ found Plaintiff's migraine headaches are a severe impairment; Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels subject to certain limitations; and Plaintiff can perform past relevant work and other gainful work in the national economy and is therefore not disabled. Tr. 17-26.

Plaintiff requests the Court reverse and remand the case for further proceedings contending the ALJ erroneously discounted her testimony, failed to address lay evidence, and thus incorrectly determined RFC, and her ability to perform gainful work activities at steps four and five. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER REVERSING AND REMANDING - 1

**DISCUSSION**

Plaintiff alleged and the ALJ found that she last engaged in substantial work activities on February 18, 2018. Tr. 19. In evaluating Plaintiff's disability application, the ALJ found her migraine headaches could reasonably be expected to cause some of her alleged symptoms but the limiting effects of her symptoms "are not entirely consistent" with the medical and other evidence of record. Tr. 22. Because the ALJ did not find malingering, the ALJ was required to provide clear and convincing reasons to discount her testimony. *See Garrison v. Colvin,* 759 F.3d 995, 1015 n. 18 (9th Cir.2014) (rejecting the Commissioner's argument the Court should apply a standard lower than clear and convincing in reviewing ALJ's evaluation of claimant's testimony where there was no evidence of malingering).

The ALJ acknowledged Plaintiff has been diagnosed with migraine headaches and "has sought regular treatment for the symptoms since at least 2017." Tr. 22. The ALJ discounted Plaintiff's testimony for two reasons. First the ALJ found that "in contrast to her allegations that treatment has not been effective, and she has been having two to three migraines weekly, treatment notes shows that the claimant has been able to obtain significant control over her symptoms." Tr. 22. And second, the ALJ found the severity of Plaintiff's headaches is inconsistent with her presentation upon examination and how she did not miss or reschedule medical appointments. Tr. 23.

Substantial evidence does not support the ALJ's determination. The ALJ reviewed Plaintiff's records and found the records generated between 2019 and mid-2022 showed Plaintiff's headaches were adequately controlled, and she is therefore able to perform gainful work activity. Tr. 22-23.

The ALJ cited Plaintiff's records at "(10F/32-40)," Tr. 23. These records, prepared about November 29 2022 by treating neurologist Derek Huang, M.D., summarize Plaintiff's course of treatment and symptoms and state in relevant part that Plaintiff reported having migraines in her mid-20s causing a dull throbbing pain associated with photophobia and nausea; Plaintiff's headaches last several hours and usually occur with her menstrual period 1-2 before and 1-2 days after; Imitrex helps but Plaintiff's migraines usually come back 8-10 hours later; Plaintiff also has severe lesion-type headaches that start at the back of her neck, usually worse with stress or poor sleep occurring several day per month; Plaintiff has tried Topamax but it did not help; Plaintiff has tried propranolol but it caused constipation and did not help; Plaintiff has tried nortriptyline but it does not help; she has tried three oral contraceptives which worsened her headaches; Plaintiff currently (11/29/2022) uses magnesium and her migraines are slightly better "but are nowhere resolved." Tr. 658-659.

Dr. Huang's records also indicate Plaintiff's MRI and MRA results were normal but that "overtime her migraines became more chronic" that Plaintiff received Botox but her "migraines were increasing. Botox not working well" and thus Plaintiff was started on Aimovig; Since Plaintiff's last visit with Dr. Huang, she reported Aimovig was not helping much, and she has good and bad months and that migraines are still occurring "about 2-3 time a week; sumatriptan as needed usually helps but she still has neck tightness, pain and stiffness which are "fairly stable." Tr. 659.

While Dr. Huang noted that Plaintiff has good and bad months, his summary of Plaintiff's symptoms, course of treatment, and treatment significantly improved or controlled Plaintiff's headache symptoms tend to support rather than contradict Plaintiff's testimony about the severity of her headaches and how it would cause her to miss work more frequently than the

ALJ found. The ALJ noted Dr. Huang was reluctant to state Plaintiff was "disabled" in April 2022, but this is not objective evidence that contradicts Plaintiff's testimony because the issue of disability is a legal question that is reserved to the Commissioner. The Court accordingly finds the ALJ erred in discounting Plaintiff's testimony about her headaches and that the error was harmful.

Plaintiff also argues the ALJ erred in failing to address the February 2023 statement of her prior employer. The ALJ noted this employer indicated Plaintiff's attendance was initially satisfactory, but her condition deteriorated, became more debilitating and she was forced to take more time off and negatively affected her ability to work full-time. *See* Tr. 24.

The ALJ rejected the employer's state finding it "neither probative nor persuasive because it does not indicate specific symptoms of diagnoses and does not articulate specific vocational restrictions." *Id.*  The employer's statement is probative as it goes to the heart of Plaintiff's claim that she cannot perform gainful full-time work because her headaches cause her to miss work. The ALJ found Plaintiff has one severe impairment, headaches. Plaintiff's employer is not a medical source, and it is thus unsurprising he did not set forth "specific symptoms of diagnosis."  Plaintiff has just one severe impairment and thus there is no reasonable basis to conclude the former employer was indicating Plaintiff's ability to work was diminished due to the symptoms of an impairment other than headaches. The former employer indicated Plaintiff's deteriorating condition caused her to take more and more time off. Missing too much work due to a severe impairment is a specific vocational restriction. This much is clear as the vocational expert testified "my opinion is that if someone is absent a total of eight-hours a month, they able to maintain employment. If they are absent more than that, they are not." Tr. 51. And finally, to the extent the ALJ found the statement was ambiguous because it did not

ORDER REVERSING AND REMANDING - 4

discuss what exactly what symptoms were causing Plaintiff to miss work the ALJ should have clarified the evidence rather than rejecting it. The Court thus concludes the ALJ harmfully erred in rejecting the statement of Plaintiff's former employer.

For the foregoing reasons, the Court **REVERSES** and **REMANDS** this case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess Plaintiff's testimony and her former employer's statement. Because the ALJ misevaluated the medical evidence in discounting Plaintiff's testimony, the ALJ shall reassess the medical testimony and develop and redetermine RFC as needed and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 10th day of April, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge